FILED

OCT 27 2014

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| PAMELA CHYBA, | CASE NO. 14-CV-1415-BEN (BLM) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
| vs. | [Docket No. 18] |
| BAYVIEW LOAN SERVICING, LLC, AKA BAYVIEW, DAVID ERTEL, AND MARILYN CORO, | |
| Defendants. | |

Before this Court is a Motion for Leave to File Amended Complaint, filed by Plaintiff Pamela Chyba. (Docket No. 18). On October 6, 2014, Defendants Bayview, David Ertel, and Marilyn Coro filed a Response in Opposition. (Docket No. 19). For the reasons stated below, the Motion for Leave is **GRANTED**.

Plaintiff commenced a lawsuit against Defendants by filing a Complaint alleging violations of the Fair Debt Collections Practices Act, the Fair Credit Collection Practices Act, the Telephone Collection Practices Act, and the California Rosenthal Act on June 10, 2014. (Docket No. 1). On July 2, 2014, Defendants filed a Motion to Dismiss for Failure to State a Claim, or in the alternative, a Motion for a More Definitive Statement (Docket No. 7), and a Motion to Strike Portions of Complaint. (Docket No. 8). On August 25, 2014, Plaintiff filed a Response in Opposition to Defendants' Motions. (Docket No. 12).

//

Except as provided by Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading only with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Pursuant to Federal Rule of Civil Procedure 15(a)(2), leave to amend should be "freely given when justice so requires," and the Supreme Court has stated that "this mandate is to be heeded." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Where the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *Id.* Leave should be freely given in the absence of any apparent or declared reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party. . . , futility of amendment, etc." *Id.*

Plaintiff requests leave to file an amended complaint in order to clarify certain causes of action and remove a Defendant. (Mot. at 3). Defendants argue that Plaintiff's amended complaint is futile, moot, and premature because this issue is already under submission with the Court. (Opp'n at 1-2). This Court disagrees and finds leave to amend is appropriate in this instance.

The Court finds no evidence of undue delay, bad faith, or undue prejudice. Plaintiff filed the instant Motion only ten days after filing her Response to Defendants' Motions. Additionally, Defendants are not prejudiced by allowing leave for an amended complaint. In light of Defendants' previously filed Motion for Definitive Statement, Defendants essentially ask Plaintiff for an amended complaint, which is exactly what Plaintiff requests here. Further, the only factor that Defendants dispute is futility.

Plaintiff argues that her amended complaint will clarify the "direct association" between Defendant Marilyn Coro and Plaintiff. (Mot. at 2). Plaintiff also intends to remove David Ertel as a Defendant from this case. (*Id.*) Finally, Plaintiff asserts that she will clarify or remove remaining causes of action. (*Id.*)

Defendants argue that Plaintiff's Motion "should be denied as futile" because it is "premature and will likely be moot," particularly because this issue of filing an

amended complaint is already under submission with the Court. (Opp'n at 2). Plaintiff and Defendants both point out that Plaintiff stated in her Response in Opposition to Defendants' Motions, that Plaintiff would file an amended complaint. In fact, Plaintiff briefly states that she "will be filing a first amended complaint." (Docket No. 12, Resp. in Op. to Def.'s Mots. ¶ 73). The Court does not construe Plaintiff's statement as a request for leave from the Court. This conclusion is supported by the fact that Plaintiff filed the instant Motion, a *request* for leave, two weeks later. Plaintiff's Motion is not premature, and certainly not moot. This Court is therefore persuaded that the proposed amended complaint is not futile.

Upon review of the record, Plaintiff's Motion for Leave to File Amended Complaint is **GRANTED**.

It is **ORDERED** that Plaintiff file an amended complaint within **two days** of the date that this Order is filed. It is further **ORDERED** that Plaintiff file an unredacted version of the exhibits attached to her amended complaint for case participants only.

**IT IS SO ORDERED**.

Dated: October 24, 2014

HON. ROGER T. BENITEZ
United States District Judge