Pamela Chyba
c/o:7734 Madrilena Way
Carlsbad, California 92009

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

**PAMELA CHYBA**
Plaintiff,


vs.


**BAYVIEW LOAN SERVICING, LLC, AKA BAYVIEW AND MARILYN CORO**
Defendants,

Case No.  14-cv-1415-BEN-BLM


**PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT**


**TRIAL BY JURY DEMANDED**


Time: 10:30a.m.
Judge: Roger T. Benitez
Date: October 20, 2014
Place: Courtroom 5A

**JURISDICTION, PARTIES, VENUE**

1.      This court has jurisdiction under 28 U.S.C §1331, 15 U.S.C. §1692k(d), and 15 U.S.C. §1681p, and 47 U.S.C. §227 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

2.      All conditions precedent to the bringing of this action have been performed.

3.      The Plaintiff, in care of C/O:7734 Madrilena Way, Carlsbad, California 92009.

4.      The Defendants, BAYVIEW LOAN SERVICING LLC, aka Bayview hereinafter referred to as "Bayview", including employee, Marilyn Coro in her official First Vice President position with Bayview and individually.

5.      Bayview is located at 4425 Ponce De Leon Blvd, 5TH Floor, Coral Gables, Florida 33146, C/O Registered Agent: THE CORPORATION TRUST COMPANY 1209 Orange Street, Wilmington, Delaware 19801.

6.      All are unknown entities and persons to Plaintiff.

7.      The occurrences which give rise to this action occurred in San Diego, California and Plaintiff resides in California.

8.      Venue is proper in the Southern District of California.

**PRELIMINARY STATEMENT**

9.      This action is for damages for violations of Plaintiff's civil rights of the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. §1692 et. seq., Fair Credit Collection Practices Act "FCRA" 15 U.S.C. §1681et seq., the Telephone Collection Practices Act (TCPA) 47 U.S.C. §227et seq., and The California Rosenthal Act

hereinafter known as "RFDCPA" California Civil Code §1788. et seq.

10.   This action is **solely** regarding the **CONDUCT** of Bayview and Marilyn Coro pursuant to these statues.

11.   Plaintiff contends that the Bayview and Marilyn Coro,  alleged debt collectors have violated such laws by repeatedly sending deceptive and misleading form letters, making false claims without providing any validation to establish Defendant's claims.

12.   Bayview provided Plaintiff with documents showing different alleged account numbers and different entity names – in conflict with Bayview's validation claims as shown on their own letterhead.

13.   At no time, did Bayview validate, verify or respond to Plaintiff's reasonable requests and as required by law, yet Bayview continues to attempt to collect an alleged but nonexistent debt.

14.   Bayview has knowingly and willfully pulled (obtained) Plaintiff's consumer credit report even after Bayview was notified by Plaintiff on multiple occasions a year earlier that the alleged account was wholly disputed.

15.   Bayview has made over 10 calls to Plaintiff's cellular phone with no express consent from plaintiff; a requirement under the TCPA.

16.   Plaintiff has never had any business relationship with Defendants by or between a contract, agreement, trust, sale, assignment or nexus by Bank of America, N.A., Bank of New York Mellon f/k/a Bank of New York and/or Bank of America, N.A.

17.   Upon belief and information, Plaintiff contends that many of these practices

Bayview is partaking in are widespread.

18.     Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

19.     This action is **<u>solely</u>** based on the **<u>CONDUCT</u>** of Bayview and Marilyn Coro pursuant to these consumer protection statues.

**THE FDCPA STATUE DEFINED IN SUPPORT OF**

**PLAINTIFF'S FDCPA CAUSES OF ACTION**

**THE FOUNDATION OF THE COMPLAINT**

20.     Plaintiff's complaint is **<u>*solely*</u>** based on the illegal **<u>CONDUCT</u>** pursuant to the FDCPA that Defendant's are lawfully bound to abide by.

21.     As stated from the FDCPA 15 U.S.C. §1691-***Congressional findings and declaration of purpose:***

> (a) There is **abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors**.......and invasions of individual privacy.
>
> (e) It is the **purpose of this title to eliminate abusive debt collection practices** by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices……. to **protect consumers** against debt collection abuses.

**22.**     As shown from Bayview and Marilyn Coro's **initial communication letter** dated **October 30, 2012** signed by Marilyn Coro (ex. 5):

> "Bayview Loan Servicing LLC is seeking to **<u>bring</u> your mortgage account <u>current"</u>** and

**"Please contact our loan counseling department at 888-326-7191 to <u>resolve</u> this matter."**

23.    As shown from Bayview and Marilyn Coro's second **initial communication letter** dated **October 26, 2012** signed by Marilyn Coro (ex. 6) states:

> "Your loan *was being* serviced by BANK OF AMERICA N.A. and was *transferred to us.*"  "On **October 16, 2012 Bayview became your new loan servicer."**

24.    Pursuant to the FDCPA 15 USC 1692a(f)(6):

> Under the FDCPA, a "**debt collector**" is defined as: any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the **<u>exclusion provided by clause (F)</u>** of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. . . . The term **<u>does not include</u>** --
> **(F)** any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; . . . [or]
> **(iii)** concerns a debt which was **<u>*not*</u>** in default at the time it was obtained by such person . . . ."

25.    As shown by Bayviews' own admission in their letter to Plaintiff **dated October 30, 2012,** exhibit 6, **Bayview alleges the account is in default,** and the **account was transferred** to Bayview **<u>prior</u>** on October 16, 2012.

26.    Bayview is a "debt collector" pursuant to the FDCPA 15 U.S.C. §1692a(6)(F)(iii).

27.    Bayview admits it's a debt collector by Defendant's documents and forms letters (dkts 7, 10 pg 2, 11 pg 4) that all state:

> "**Bayview Loan Servicing, LLC is a debt collector**. This letter is an attempt to collect a debt and any information obtained will be used for that purpose."

> And exhibit 5 at ¶2 states:
> **"We are attempting to collect a debt and any information obtained will be used for that purpose."**

28.    As shown by the foregoing, Bayview and Marilyn Coro have proven they are a "debt collector" within the definition under the FDCPA, and additionally within their own documents as #28 above.

29.    If Defendant's claim they're not a "debt collector" —--- by their own documents stated above #28 they are additionally falsely misrepresenting who they are.

30.    Plaintiff has **no nexus** with Bayview by way of Bank of America, N.A.

31.    Plaintiff's claims are **solely** based on the **CONDUCT** in which Bayview and Marilyn Coro have violated the FDCPA and Plaintiff's civil rights.

## COUNT I

### VIOLATION OF 15 U.S.C. §1692g et seq.

32.    Bayview and Marilyn Coro violated 15 USC §1692g et seq., by their **CONDUCT** in **not sending Plaintiff within 5 days of the initial communication** the original creditor information, and upon written request from the consumer within the 30 day period, provide and mail the consumer validation of alleged debt and/or original creditor information and continued to attempt to collect alleged debt.

33.     Pursuant to 15 USC §1692g(a)(5); upon plaintiff's written request within the 30 day period (exh 3), Bayview and Marilyn Coro were to provide the original creditor's name and address that was not provided in the initial communication from Defendant's and signed by Marilyn Coro.  Plaintiff received the initial communication letters on November 10, 2012 (exh. 5, 6).

34.     Plaintiff's written request was sent on November 14, 2012, **4 days after** receiving the initial communication letters from Bayview and Marilyn Coro).

**35.     Bayview and Marilyn Coro did not respond** and **did not <u>ceased</u> collection efforts** as required under this statue.

36.     Additionally, pursuant to 15 USC §1692g(a)(5)(b); upon plaintiff's written dispute/validation within the 30 day period(sent on November 14, 2012 exh. 4), in response to Defendant's initial communication sign by Marilyn Coro (received on November 10, 2012 exh 5, 6).  Defendants were to validate <u>**or**</u> cease collection efforts.

37.     Further, after Bayview and Marilyn Coro **continued collection efforts  ---- without validation or providing the original creditor's information** -- Bayview did not include in the following 30 day disclosure (i.e. mini miranda's) on their subsequent letters, documents and forms as additionally prescribed under this subsection. (Exhs. 6, 7, 8, 9, 10, 11).

38.     Pursuant to 15 U.S.C. §1692g(a) stated in part:

> <u>**Within five days after the initial communication with a consumer**</u> in connection with the collection of any debt, a debt collector shall, unless the following information is

contained in the initial communication or the consumer has paid the debt, **send the consumer a written notice containing—**

(2) **the name of the creditor to whom the debt is owed;**

(4) a statement that if the **consumer notifies the debt collector in writing within the thirty-day period that the debt……is disputed**, the **debt collector will obtain verification of the debt or** a copy of a judgment against the consumer **and a copy of such verification** or judgment **will be mailed to the consumer by the debt collector**; and

(5) a statement that, upon the **consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor**, if different from the current creditor.

(b) If the **consumer notifies the debt collector in writing within the thirty-day period** described in subsection (a) that the debt, or any portion thereof, **is disputed**, or **that the consumer requests the name and address of the original creditor**, the **debt collector shall cease collection of the debt**, or any disputed portion thereof, **until the debt collector obtains verification of the debt or** any copy of a judgment, **or the name and address of the original creditor**, is **mailed to the consumer by the debt collector.** Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) **unless the consumer has notified the debt collector in writing that the debt**, or any portion of the debt, **is disputed** or that the **consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

39.    Bayview is still violating these statues today --- showing Bayview and Marilyn Coro's blatant behavior in ignoring the law.

**40.    WHEREFORE,** Plaintiff demands judgment for damages against Bayview and Marilyn Coro for actual, statutory, compensatory, any other damages, attorney's fees and all costs of this action,  pursuant to 15 U.S.C. §1692k.

## COUNT II

### Violation of the FDCPA, 15 U.S.C. §1692e(4)

41.    Bayview violated 15 U.S.C. §1692e(4) by their **CONDUCT** by **using false, deceptive, and misleading representation** as shown by the following exhibits.

42.    In exhibit 5 ***Bayview and Marilyn Coro's* titles the form letter** "DEBT VALIDATION LETTER**"** yet nowhere does this alleged debt validation letter show any validation and nexus by or between Plaintiff and Defendant's by a contract, trust, assignment, sale, or transfer. Defendants are falsely misrepresenting to Plaintiff by claiming "Debt Validation Letter" when in fact there is no validation.

43.    Bayview lists an alleged **account number** which is **not** Plaintiffs. (exh 5) and

44.    Bayview and Marilyn Coro are attempting to deceive Plaintiff into believing that their document is a debt validation letter providing no evidence that Plaintiff is responsible for alleged debt.

45.    In exhibit 6 ***Bayview's and Marilyn Coro's form letter*** titled "TRANSFER OF SERVICE NOTICE" Bayview and Marilyn Coro mislead plaintiff by **using false, deceptive, and misleading representation** by stating: "Your loan *was being* serviced BANK OF AMERICA, N.A. and *was transferred* to us." Signed by Marilyn Coro.

46.     No evidence exists that an original lender assigned, transferred, sold any alleged debt. No evidence exists publically or privately.

47.     In fact, no alleged original lender has been identified. See §1692g et seq.

48.     Plaintiff has never had any business with Bank of America N.A. and Bank of America N.A. **has never been a servicer to Plaintiff**.  See affidavit at 4 & 5.

49.     Bayview falsely and deceptively claims "Transfer Of Service Notice" for an alleged account that is not Plaintiff's and Plaintiff has never had an account with Bank of America, N.A. or Bayview (afft at 4).

50.     In exhibit 9 ***Bayview*** titled "DEBT VALIDATION" Bayview misleads Plaintiff by **using false, deceptive and misleading representation** by including an alleged note (pg 2) which shows a **totally different entity's name: Ryland** (not Bayview and/or The Bank of New York Mellon f/k/a The Bank of New York, and/or Bank of America N.A.) and totally **different account number** in comparing exhibit 9 page 1 and page 2.

51.     Nowhere on said "DEBT VALIDATION" of alleged note is any entity that Bayview claims to be servicer by way of transfer, assignment, sale, trust, or contract.

52.     Bayview shows a totally different alleged account number between the alleged note on exhibit 9 pg 2 and Bayview's alleged account number listed on pg 1.

53.     Bayview deceptively claims to Plaintiff the alleged debt is validated by these documents. Not true.

54.**..**   **WHEREFORE,** by Defendant's multiple violations by illegal conduct as shown above, Bayview and Marilyn Coro have violated 15 U.S.C. §1692e(4).  Plaintiff demands judgment for damages of against Defendant's for actual, statutory, compensatory, attorney's fees and all costs of this action, and pursuant to 15 U.S.C. §1692k.

## COUNT III

## Violation of the FDCPA, 15 U.S.C. §1692e(5)

55.   Bayview violated 15 U.S.C. §1692e(5) by their **<u>CONDUCT</u>** by using **false, deceptive, and misleading representation by the threat to take action that cannot legally be taken or that is not intended to be taken.**

56.   In exhibit 11 Bayview titled form document "NOTICE OF DEFAULT AND INTENT TO ACCELERATE" **Bayview's false, misleading and deceptive representation by the threat to take action that cannot legally be taken by implicating** that nonpayment of $69,413.88 the alleged debt will result in **seizure, or sale of Plaintiff's property** and claiming to **"terminate ownership"…**or **"other action to seize the property."**

57.   Bayview has never validated or verified any alleged debt concerning Plaintiff as required by law and as directly stated in Defendant's own letter to Plaintiff that they would provide deceiving Plaintiff into believing if Plaintiff requested validation Defendant would provide it. (exh 5).

58.   If defendants cannot even establish they are a true and verified servicer,

Defendant's have no right to make threats and take an action that cannot legally be taken.

59.     Defendant shows no nexus by or between Plaintiff and Bayview by way of a contract, sale, agreement, trust, transfer or assignment.

60.     Bayview **threatens to take action** Bayview is in no way entitled to under these false and deceptive claims to Plaintiff.

61.     If the least sophisticated consumer would 'likely be misled' by a communication from a debt collector, the debt collector has violated the act.

**62.     WHEREFORE,** as shown by the multiple violations of illegal conduct as above, Bayview violated 15 U.S.C. §1692e(5) Plaintiff demands judgment for damages of against Bayview for actual, statutory, compensatory, attorney's fees and all costs of this action, and pursuant to 15 U.S.C. §1692k.

## COUNT IV

## VIOLATIONS OF THE TELEPHONE CONSUMER

## PROTECTION ACT 47 U.S.C. §227et seq.

63.     Defendant has demonstrated willful or knowing non-compliance pursuant to 47 U.S.C. §227(b)(1)(A) by **using** an "**automatic telephone dialing system**" or the "**capacity to use**" an automatic dialing system to call the Plaintiff's phone number, which is assigned to a cellular telephone service.

64.     Additionally, Plaintiff's privacy has been invaded as a result of Defendant's acts and Plaintiff is on the government national Do Not Call List which is another violation

in and of itself.

65.     Bayview has committed no less than10 separate calls to Plaintiff's cellular phone on October 3, 2012 8:12a.m., March 20, 2013, April 24, 2013, May 6, 2013, May 10, 2013, May 18, 2013, May 20, 2013, May 29, 2013, June 11, 2013, October 3 2013 in violation of 47 U.S.C. §227(b)(1)(A). (afft at 3).

66.     Bayview has **no business relationship** and **no "prior express consent"** with Plaintiff. (afft at 7)

67.     At no time did Plaintiff give Bayview Plaintiff's cellular phone number.

68.     Plaintiff's affidavit in support, Plaintiff stated under penalty of perjury based on Plaintiff's personal knowledge that:

> 2.  "Affiant/Plaintiff states persons from **Bayview Loan Servicing called** to Affiant/Plaintiff's cellular phone 10 times from 215-664-1300." and

> 6.  "Affiant/Plaintiff states Bayview had "**no prior express consent**" from Affiant/Plaintiff to contact Affiant/Plaintiff's cellular phone."

69.     Bayview and/or The Bank of New York Mellon f/k/a The Bank of New York, and/or Bank of America N.A. never had "prior express consent" by Plaintiff.

70.     Further, the Bayview **"uses"** or **"has the capacity"** to use an **"automatic telephone dialing system"**. See Plaintiff's Judicial Notice in support and concurrently filed herewith.

71.     Plaintiff shows Bayview's **use of** and the **capacity to use** an **automatic telephone dialing system**.

72.    Plaintiff shows by the The United States Securities and Exchange Commission; SEC.gov, Bayview's own career website page, and the Standard and Poor's website, all showing Bayview's **use of automated telephone equipment.**

73.    Clearly, Bayview **"uses"** and **"has the capacity"** to use **automated telephone dialing system** technology.

74.    Further, when Bayview placed calls to Plaintiff, each call had an artificial time delay; in seconds after the connection is made. This is an obvious well known fact when dealing with automated dialing equipment.

**75.    WHEREFORE,** Plaintiff is entitled to damages pursuant to 47 U.S.C. §227(b)(3)(2) for the first violation and per violation and the 9 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3)(3) as they were intentional.  Plaintiff demands judgment for damages against Bayview for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227.

## THE RFDCPA STATUE DEFINED TO SUPPORT
## PLAINTIFF'S ROSENTHAL ACT

76.    Plaintiff's complaint is **_solely_** based on the illegal **<u>CONDUCT</u>** pursuant to the RFDCPA.

77.    Pursuant to §1788.1a The Legislature makes the following findings:

> (1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. **Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit**

**system and sound extensions of credit to consumers.**

(2) There is need to **ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other.** (b) It is the purpose **of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts** and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

78.     In careful review of the definitions provided under the RFDCPA:

Under §1788.2(c) "debt collector" means:
"**any person** who in the ordinary course of business, regularly, on behalf of himself or others, engages in debt collection….."

Under §1788.2(d) "debt" means:
"**money, property or their equivalent** which is due or owing or alleged to be owing from a natural person to another person."

79.     Despite the overlap between the FDCPA and the Rosenthal Act, the **definition** of "debt collector" is **broader** under California law than under the FDCPA. The FDCPA's definition of 'debt collector' specifically excludes those who collect "a debt which was **not in default** at the time it was obtained," but the Rosenthal Act's definition of 'debt collector' does not contain such limitation.

80.     Plaintiff's **claims are solely based** on the **CONDUCT** to which Defendant and Marilyn Coro have violated by their own documents, letters, and forms sent to Plaintiff -- NOTHING MORE NOTHING LESS.  SOLELY CONDUCT.

81.     Bayview admits it's a debt collector by Defendant's documents and forms letters

(dkts 7, 10  pg 2, 11 pg 4) that all state:

> "**Bayview Loan servicing, LLC is a debt collector**. This letter is an attempt to collect a debt and any information obtained will be used for that purpose."

And exhibit 5 at ¶2 states:

> **"We are attempting to collect a debt and any information obtained will be used for that purpose."**

82.    Under the FDCPA, claims are assessed from the perspective of the "least sophisticated consumer debtor", and if the least sophisticated consumer would likely be misled by a communication from a debt collector, the debt collector has violated the act.

**COUNT V**

**VIOLATION OF CALIFORNIA CIVIL CODE §1788.17**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT – "RFDCPA"**

**BY THE <u>CONDUCT</u> UNDER THE FDCPA.**

83.    Bayview and Marilyn Coro violated the Rosenthal Act §1788.17 which mirror certain provisions of the FDCPA**; 15 U.S.C. §1692j by sending threatening and deceptive forms Bayview designed and compiled with the intent to create the false belief to Plaintiff that Defendant is collecting a debt owed to a creditor of Plaintiff's as shown in the following exhibits.**

84.    In exhibit 5 Bayview and Marilyn Coro titles the form letter "DEBT VALIDATION LETTER" creates the false belief that Defendants form letter is a debt

validation yet nowhere does this alleged debt validation letter show any nexus by or between Plaintiff and Defendant's by a contract, trust, assignment, sale, or transfer.

85.    Bayview hopes Plaintiff and other recipients buy such a claim of a debt validation. Any third party debt collector can print on their letterhead with an alleged account number and create the false belief you [consumer] owe them.  The least sophisticated consumer could easily be misled into believing Bayview is providing a debt validation letter.

86.    In exhibit 6 ***Bayview's and Marilyn Coro's form* letter** titled "TRANSFER OF SERVICE NOTICE" Bayview and Marilyn Coro violated15 U.S.C. §1692j by stating: "Your loan *was being* serviced BANK OF AMERICA, N.A. and *was transferred* to us." Signed by Marilyn Coro.

87.    Plaintiff has never had any business with Bank of America N.A. and Bank of America N.A. has never been a servicer to Plaintiff.  See affidavit at 4 & 5. Again, Defendant's are creating the false belief that Plaintiff had an account that was falsely transferred to defendants and they are vouching for it.  The least sophisticated consumer could easily be misled into believing an alleged account they may have had is being transferred to Bayview.

88.    In exhibit 9 ***Bayview*** titled form letter "DEBT VALIDATION" Bayview violated 15 U.S.C. §1692j by including an alleged note, on page 2 which shows a totally different entity name: Ryland and totally different account number from pg 1 --both pages 1 & 2 are showing two separate entity names and two different account numbers.

89.     Bayview creates the false belief by their alleged note, with an alleged lender where the entities on alleged note do not match **any** of the entities Bayview stated in their initial communication letters --- The Bank of New York Mellon aka The Bank of New York and/or Bank of America, N.A. (exhibit 5 & 6). Creating the false belief Defendant's are providing alleged creditor/lender information that somehow entitles Bayview to falsely collect on.

90.     Bayview and Marilyn Coro have no nexus with Plaintiff by way of contract, agreement, trust, transfer, sale, or assignment privately or publically.

91.     In Plaintiff's exhibits 5, 6, 9, & 11 Bayview and Marilyn Coro have violated 15 U.S.C. §1692j by creating and deceptively trying to mislead Plaintiff into believing The Bank of New York Mellon f/k/a The Bank of New York are Plaintiff's creditor/lender yet Bayviews' own documents and form letter state otherwise.

92.     The least sophisticated consumer could easily be misled into believing they owed something to Bayview. Additionally, Bayview has never responded with validation of any alleged debt and/or the original creditor's information.

**93.     WHEREFORE,** Plaintiff demands judgment for damages against Bayview and Marilyn Coro, for knowingly and willfully violating the Rosenthal Fair Debt Collection Practices Act 1788.17, for any actual damages, punitive damages, additional costs the court may allow, costs of this action, attorney's fees, and costs pursuant to the Rosenthal Fair Debt Collection Practices Act § 1788.30 (b)(c).

## COUNT VI

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA),

## NO PERMISSIBLE PURPOSE IN FALSELY OBTAINING PLAINTIFF'S

## CONSUMER REPORT 15 U.S.C. §1681 et seq.,

94.    Congress enacted the FCRA in part to stringently protect consumer privacy interests from unwarranted and illegal intrusions. Accordingly, 15 USC § 1681b provides that a person or business entity can access a consumer report **only** for certain specified reasons listed under 1681b et seq.

95.    To promote the above-described purposes and protections of the Act, Congress designed the FCRA to be primarily self-enforcing, empowering consumers to act as private attorneys general by providing for actual damages and the award of attorney fees and costs to prevailing plaintiffs. *See* 15 U.S.C. §§ 1681b, 1681n, 1681o, 1681q.

96.    Pursuant to the FCRA, Bayview had to certify, in accordance with its existent contractual agreements with the credit reporting agency; Experian that it had a permissible purpose for pulling (obtaining) Plaintiff's consumer credit report showing Bayviews inquiry. (exh 12).

97.    In this case, there was **no permissible purpose** to which Bayview could certify to Experian to pull (obtain) Plaintiff's consumer credit report on October 1, 2013. (exh 12)

98.    As shown in all other causes of action in this instant case, Plaintiff has no business relationship by or between with Bayview via a contract, agreement, transfer,

trust, sale, assignment.

99.    Plaintiff has shown by the multiple dispute and validation letters sent to Bayview from November 2012 to current, Plaintiff wholly disputed and requested validation of alleged debt pursuant to the law. (exhs 1, 2, 3, 4)

100.    Bayview was already notified by Plaintiff a full **year earlier** that the alleged debt was disputed.  Instead of ceasing collection efforts as required under the FDCPA, Bayview continued to attempt in collection efforts and additionally obtained Plaintiff's consumer credit report.  Bayview continues, to this day, to completely ignore the law.

101.    Bayview's conduct violates § 1681b(f), in that it is willful and knowing, as well as § 1681q, as it has used false pretenses to obtain the credit report.

102.    Under the FCRA, if a user obtains a report using false pretenses, the user is subject to both civil and criminal liability.

103.    Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both.

104.     In determining whether a report has been obtained using false pretenses is generally defined in relation to the permissible purposes for obtaining reports set out in 15 USC § 1681b.

105.    Bayview had no authority to obtain Plaintiff's consumer credit report under any of the required circumstances pursuant to 15 U.S.C. §1681b et seq.

**106.   WHEREFORE,** Bayview has engaged in an unwarranted invasion of Plaintiff's financial privacy designed to protect that privacy by knowing and/or willful non-compliance with the Act. Plaintiff demands judgment for damages against Defendant for statutory damages,  any actual damages, costs of this action, punitive damages, attorney's fees, and any other costs pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

107.   Plaintiff's affidavit, exhibits 1-12, and Judicial Notice (TCPA ) in support concurrently filed herewith in support.

108.   Plaintiff's Judicial Notice docket 3 is fully incorporated into this verified first amended complaint and concurrently filed herewith.

## **VERIFICATION**

109.   I declare under penalty of perjury, according to the laws of the State of California, that the statement is true and correct. I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Signed in San Diego, California


September 4, 2014                                    Respectfully submitted,

                                                        s/Pamela Chyba_____
                                                        Pamela Chyba