UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA CHYBA,<br><br>Plaintiff,<br><br>vs.<br><br>BAYVIEW LOAN SERVICING, LLC aka BAYVIEW and MARILYN CORO<br><br>Defendants. | CASE NO. 14-CV-1415-BEN (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART MOTION TO DISMISS**<br><br>**(2) DENYING MOTION TO STRIKE**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO COMPEL AS MOOT**<br><br>[Docket Nos. 50, 51, 53] |

Defendants Bayview Loan Servicing, LLC ("Bayview") and Marilyn Coro filed a Motion to Dismiss and a Motion to Strike, which are presently before this Court. (Docket Nos. 50, 51.)

## BACKGROUND

**I. Procedural Background**

On June 10, 2014, Plaintiff Pamela Chyba, proceeding *pro se*, filed a Complaint alleging violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Telephone Consumer Protection Act, and the Rosenthal Fair Debt Collection Practices Act. (Docket No. 1.) On October 29, 2014, Plaintiff filed a First Amended Complaint. (Docket No. 25.) On November 12, 2014, Defendants filed a Motion to Dismiss and a Motion to Strike. (Docket Nos. 27, 28.)

On March 23, 2015, the Court granted Defendants' Motion to Dismiss for failure to state a claim, denied as moot Defendants' motion to strike, and granted Plaintiff leave to amend. (Docket No. 46.) Plaintiff filed a "Third Amended Complaint" ("TAC")[1] on April 22, 2015, which is the operative complaint in this matter. (Docket No. 48.)

## II. Factual Background[2]

On October 26, 2012, Marilyn Coro, First Vice President of Bayview, notified Plaintiff that Bayview had become the servicer of her loan on October 16, 2012. (TAC, Ex. 6.) On October 30, 2012, Ms. Coro contacted Plaintiff again, providing more details of the loan. (TAC, Ex. 5.) On November 14, 2012, Plaintiff sent her first letter to Defendants disputing the debt's validity. (TAC, Ex. 4.) On November 20, 2012, Plaintiff sent a "Qualified Written Request" for information regarding the mortgage loan. (TAC, Ex. 3.)

On October 1, 2013, Bayview obtained Plaintiff's credit information, and a Ms. Killen informed Plaintiff in writing that she was working to bring Plaintiff's account current. (TAC, Exs. 10, 12.) On November 21, 2013, a Mr. Shorts, another representative of Bayview, informed Plaintiff that her account had been referred to him. (TAC, Ex. 8.) On December 8, 2013, Plaintiff sent a "third request" for validation. (TAC, Ex. 2.) On December 20, 2013, Bayview acknowledged receipt of Plaintiff's dispute. (TAC, Ex. 7.) On January 11, 2014, Bayview sent a debt validation letter to Plaintiff. (TAC, Ex. 9.) The debt validation letter included a copy of the Note, which indicates the loan was secured by real property located in Texas. (*Id.*)

---

[1] Although the Second Amended Complaint was stricken from the record, the Court will refer to the operative amended complaint as the Third Amended Complaint for the sake of consistency and clarity.

[2] Unless otherwise noted, the following background is drawn from the allegations of Plaintiff's TAC. The Court is not making any factual findings, but rather only summarizing the relevant facts alleged for purposes of evaluating Defendants' motion to dismiss.

On January 26, 2014, Plaintiff expressed her dissatisfaction with the debt validation letter. (TAC, Ex. 1.) On May 12, 2014, Bayview sent a notice of default to Plaintiff. (TAC, Ex. 11.) Plaintiff alleges the notice of default indicates the loan went into default on October 1, 2010. (TAC ¶¶ 22, 24.) Plaintiff also alleges Bayview called her cell phone ten times between October 2012 and October 2013 by using an automatic telephone dialing system. (TAC ¶¶ 16, 52.)

## LEGAL STANDARDS

### I. MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### II. MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) authorizes a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). In ruling upon a motion to strike, a court must view the pleadings in a light most favorable to the nonmoving party. *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). Motions to strike will not be granted unless the "matter to be stricken could have no possible bearing on the subject matter of the litigation." *Chan v. Chancelor*, No. 09-cv-

1839, 2011 WL 5924281, at *2 (S.D. Cal. Nov. 28, 2011) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)).

## DISCUSSION[3]

### I. DEFENDANTS' MOTION TO DISMISS UNDER 12(b)(2)-(3)

Defendants move to dismiss the TAC for improper venue and lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and (3).

"[C]ertain defenses under [Rule 12] must be raised at the first available opportunity, or, if they are not, they are forever waived. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000). Rule 12(g)(2) provides: "a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(h)(1)(A) states that a party waives any defense listed in Rule 12(b)(2)-(5) by omitting it from a motion in the circumstances described in Rule 12(g)(2)."

On November 12, 2014, Defendants filed a motion to dismiss the First Amended Complaint pursuant to Rule 12(b)(6). This Court granted Defendants' Rule 12 motion, but permitted Plaintiff to file an amended complaint. Now Defendants move to dismiss the operative TAC pursuant to Rule 12(b)(2), (3), and (6). Defendants' motion under Rule 12(b)(2) and (3) is improper because the defenses of improper venue and lack of personal jurisdiction were available to Defendants at the time they brought their first Rule 12 motion. Defendants therefore waived their right to challenge venue and personal jurisdiction in this case. Accordingly, Defendants' Motion to Dismiss for improper venue and lack of personal jurisdiction is **DENIED**.

---

[3] As an initial matter, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Request for Judicial Notice. The Court judicially notices the fact that Bayview filed Form S-11 with the SEC, and that Standard and Poor's is a nationally recognized statistical rating organization (RJN, Ex. 4.) The Court declines to take judicial notice of Bayview's website (RJN, Ex. 1) and Standard and Poor's website (RJN, Exs. 2-3).

## II. DEFENDANTS' MOTION TO DISMISS UNDER 12(b)(6)

### A. Fair Debt Collection Practices Act - Counts One and Two

#### (1) "Debt Collector"

For Counts One and Two, Defendants contend that Plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA") fail because Bayview and Marilyn Coro are not "debt collectors" within the meaning of the Act.

Only a "debt collector" attempting to collect a debt can violate the FDCPA. The FDCPA defines "debt collector" as any "person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or . . . due another . . . ." 15 U.S.C. § 1692a(6). That term does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed . . . to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person. . . ." 15 U.S.C. § 1692a(6)(F).

In other words, a debt collector is any person who collects debts, but only if the person is collecting a debt which was in default before the person acquired the debt. *See De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1074 (9th Cir. 2011) (affirming that defendant was not a debt collector because defendant acquired the debt before the debt went into default). An employee of a corporation is also subject to the definition of "debt collector." *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 999 (9th Cir. 2012) (citing *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1513 (9th Cir. 1994)).

Here, Plaintiff alleges the loan went into default on October 1, 2010, two years before Bayview began servicing the loan. Taking these facts as true, the loan was in default before Bayview acquired it. In addition, Plaintiff alleges that Marilyn Coro, as Vice President of Bayview, regularly engages in debt collection. Plaintiff therefore alleged facts sufficient to support a claim that Bayview and Marilyn Coro are debt collectors within the meaning of the FDCPA.

Concluding that Plaintiff alleged facts sufficient to support her claim that

Defendants are debt collectors, the Court now considers whether Plaintiff has sufficiently pleaded that Defendants engaged in acts that violate the FDCPA.

### (2) Count One - 15 U.S.C. § 1692g

In Count One, Plaintiff contends that Defendants continued their debt collection efforts even after Plaintiff disputed the debt.

If the consumer disputes the validity of the debt within thirty days of notification, the debt collector must stop debt collection until it sends to the consumer verification of the debt, or the name and address of the original creditor. 15 U.S.C. § 1692g(b).

According to Plaintiff's exhibits, Plaintiff requested that Defendants validate the alleged debt in November 2012 and December 2013. It was not until January 11, 2014, that Bayview responded to Plaintiff's request for debt validation by sending her a copy of the Note, which included the name of the original creditor, Ryland Mortgage Company, and an address. After Plaintiff disputed the debt, but before Bayview sent verification, Bayview obtained Plaintiff's credit report. Plaintiff also claims she received several phone calls from Bayview in connection with the debt. In addition, Plaintiff received two separate written correspondences from Bayview alerting Plaintiff that her account might be referred to an attorney for legal action. Viewing the facts in the light most favorable to Plaintiff, it appears that Bayview continued its debt collection efforts after it was notified that the debt was in dispute, but before it provided validation.

However, Plaintiff alleges no facts that indicate Ms. Coro contacted Plaintiff after Plaintiff first disputed the debt in November 2012. In fact, Plaintiff alleges that Ms. Coro last contacted Plaintiff in a letter dated October 30, 2012. As a result, it appears that Ms. Coro did not attempt to collect a debt from Plaintiff in violation of section 1692g(b).

In conclusion, Plaintiff failed to adequately state a claim for relief under Count One against Ms. Coro. But, Plaintiff has sufficiently pleaded a claim for

relief under 15 U.S.C. § 1692g(b) against Bayview. Accordingly, Defendants' Motion to Dismiss Count One as to Ms. Coro is **GRANTED**, and their Motion to Dismiss Count One as to Bayview is **DENIED**.

*(3) Count Two - 15 U.S.C. § 1692e(4)*

In Count Two, Plaintiff claims Defendants used false and deceptive information by sending her the transfer of service notice (TAC, Ex. 6), the 2012 debt letter (TAC, Ex. 5), and the 2014 debt validation letter (TAC, Ex. 9).

Section 1692e of the FDCPA proscribes the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Further, "[w]ithout limiting the general application of the foregoing," section 1692e delineates several subsections describing specific conduct that will constitute a violation. Section 1692e(4) specifically prohibits a debt collector from representing or implying that "nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure . . . or sale of any property . . . unless such action is lawful and the debt collector or creditor intends to take such action."

Courts must consider an alleged violation of section 1692e according to the "least sophisticated debtor" standard—that is, whether "the least sophisticated debtor would likely be misled by a communication." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010). Further, a misleading statement must be material to be actionable. *Id.*

The transfer notice states that the previous loan servicer was Bank of America, N.A. (TAC, Ex. 6.) Plaintiff alleges that the 2012 debt letter refers to a loan number that is not associated with Plaintiff. (TAC, Ex. 5.) The letter also includes the following statement: "[t]his is a serious matter, which if left unresolved, may result in damage to your credit rating and the eventual loss of your home." (*Id.*) The 2014 debt validation letter attached a Note which displays Plaintiff's signature and lists Ryland Mortgage Company as the creditor. (TAC, Ex. 9.) Defendant Coro signed the 2012 debt letter and the transfer notice.

Plaintiff argues that these letters are misleading by reporting a previous loan servicer (Bank of America) and creditor (Bank of New York Mellon) that Plaintiff is not familiar with. Plaintiff attests she does not recognize the loan number referred to, and cannot trust that her original loan was in fact transferred to Bayview and is the same loan that Bayview acquired.

The Court recognizes that Plaintiff has not alleged a violation of section 1692e(4). Particularly, Plaintiff did not allege that Bayview made any representation regarding the consequences of failing to pay the debt that it could not lawfully make. However, Plaintiff has sufficiently alleged that she does not recognize the creditor's identity, which the courts have found misleading under section 1692e. *See Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1121 (9th Cir. 2014) ("[T]he identity of a consumer's original creditor is a critical piece of information, and therefore its false identification in a dunning letter would be likely to mislead some consumers in a material way."); *Isham v. Gurstel, Staloch & Chargo, P.A.*, 738 F. Supp. 2d 986, 996 (D. Ariz. 2010) ("To preserve the protections and policies of the FDCPA, it is important to know the proper identity of the creditor."). As the least sophisticated debtor might be misled by such information, the Court **DENIES** Defendants' Motion to Dismiss Count Two.

### B. Rosenthal Fair Debt Collection Practices Act - Count Four

Plaintiff argues that Defendants violated the Rosenthal Act by violating section 1692j of the FDCPA.

The Rosenthal Act requires debt collectors to comply with the FDCPA. Cal. Civ. Code § 1788.17. Section 1692j proscribes the creation of a "false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of . . . a debt . . . when in fact such person is not so participating."

Plaintiff points to the same letters relied upon in Count Two to show that Bayview has attempted to mislead Plaintiff. However, a review of those letters shows that Bayview did not suggest that any party other than itself was attempting

to collect the debt. Thus, Plaintiff fails to state a claim under section 1692j.

On the other hand, as stated above, Plaintiff sufficiently alleged violations of 15 U.S.C. §§ 1692g(b) and 1692e. Accordingly, Plaintiff has adequately stated a claim for relief under the Rosenthal Act, as far as it relates to sections 1692g(b) and 1692e of the FDCPA. Defendants' Motion as to Count Four is **DENIED**.

### C. Telephone Consumer Protection Act - Count Three

Plaintiff argues that Defendants violated the Telephone Consumer Protection Act ("TCPA") by calling her cell phone regarding the loan in dispute.

Under the TCPA, it is unlawful for a person to use an automatic telephone dialing system to call someone's cell phone. 47 U.S.C. § 227(b)(1)(A). An "automatic telephone dialing system" refers to "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

Plaintiff contends that Defendants used an automatic dialing system to make ten calls to her cell phone without her consent. Plaintiff alleges that she did not provide Bayview with her phone number. And, Plaintiff claims that at the beginning of each unsolicited call there was an "artificial time delay." These facts are sufficient to support a claim under the TCPA. However, Plaintiff alleges no facts to suggest Ms. Coro used an automated system, or attempted to call Plaintiff. The Court therefore **GRANTS** the Motion to Dismiss Count Three against Ms. Coro, but **DENIES** the Motion to Dismiss Count Three against Bayview.

### D. Fair Credit Reporting Act - Count Five

Plaintiff argues Defendants violated the Fair Credit Reporting Act ("FCRA") by obtaining her credit report.

The FCRA provides that consumer reporting agencies may disclose a consumer's credit information to a third party only for a "permissible purpose." 15 U.S.C. § 1681b. One such permissible purpose is where a debt collector attempts to collect a debt owed by the consumer. 15 U.S.C. § 1681b(a)(3)(A); *Chyba v. Green*

*Tree Servicing, LLC*, 586 F. App'x 397, 398 (9th Cir. 2014).

Plaintiff alleged that Defendants were attempting to collect a debt. (TAC ¶ 14, Exs. 2, 4.) Thus, by Plaintiff's admission, Defendants had a permissible purpose to obtain her credit information. The Motion as to Count Five is **GRANTED**.

### III. DEFENDANTS' MOTION TO STRIKE

Defendants move to strike Plaintiff's affidavit filed in conjunction with her verified TAC, because they argue it is redundant and improper. Plaintiff's affidavit is not likely to cause litigation of irrelevant and spurious issues. The Court therefore **DENIES** the Motion to Strike. The Court also **DENIES as moot** the Motion to Strike Plaintiff's request for judicial notice.

### IV. PLAINTIFF'S MOTION TO COMPEL

Plaintiff states that Defendants failed to comply with Federal Rule of Civil Procedure 7.1 and Local Rule 40.2. As a result, she argues that Defendants' Motions should be denied. Out of an abundance of caution, Bayview filed a Corporate Disclosure Statement. Plaintiff's Motion is therefore **DENIED as moot**.

### CONCLUSION

Defendants' Motion to Dismiss for lack of personal jurisdiction and improper venue is **DENIED**. The Motion to Dismiss for failure to state a claim is **GRANTED in part**. Counts One and Three against Marilyn Coro are **DISMISSED**. Count Five is **DISMISSED** as to both Defendants. Defendants' Motion to Strike is **DENIED**. Plaintiff's Motion to Compel is **DENIED as moot**.

Defendants shall file an Answer on or before **August 3, 2015**.

**IT IS SO ORDERED.**

Dated: July 21, 2015

HON. ROGER T. BENITEZ
United States District Judge