Pamela Chyba
C/O:7734 Madrilena Way
Carlsbad, California 92009

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAMELA CHYBA**<br>Plaintiff,<br><br><br>vs.<br><br><br><br>**BAYVIEW LOAN SERVICING, LLC,<br>AKA BAYVIEW, MARILYN CORO**<br>Defendants, | Case No. 14-cv-1415-BEN-BLM<br><br>**PLAINTIFF'S JUDICIAL NOTICE IN<br>SUPPORT OF PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT**<br><br>  **DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Roger T. Benitez<br>Date: February 29, 2015<br>Time: 10:30 am<br>Place: Courtroom 5A |

**TO THE HONORABLE COURT, DEFENDANT'S AND THEIR ATTORNEYS OF RECORD:**

The Court may take judicial notice of any matter "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The court must take judicial notice if a party requests it and the court is supplied with the necessary information.  Fed. R. Evid. 201(c)(2) and 201(d).

In accordance with Fed. R. Evid. 902(5) which provide "official publications" as self authenticating.  Further, public records exception to the hearsay rule, Rule 803(8) this official publication from the Federal Communication Commission should be admitted into evidence.

Judicial Notice is appropriate for information obtained from governmental websites.  See *Deutsche Bank Nat'l Trust Co. v. Adolfo*, 2013 BL 230044, 2013 U.S. Dist. LEXIS 122805, at *4-6 n.4 (N.D. Ill. Aug. 28, 2013) ("The FWP [freewriting prospectus] attached to Deutsche Bank's brief was filed with the SEC, and . . . we may take judicial notice of it". *Paralyzed Veterans of Am. v. McPherson*, 2008 U.S. Dist. LEXIS 69542, 17-18 (court took judicial notice if information appearing on and printed from official government website.)

Plaintiff request that the Court take judicial notice of certain administrative

agency rules and regulations, including the Federal Communications Commission

"FCC" Declaratory Ruling and Order. "[A] Court may take judicial notice of the rules,

regulations and orders of administrative agencies issued pursuant to their delegated

authority." Int'l Bd. Of Teamsters v. Zantop Air Transp. Corp., 394 F.2d 36, 40 (6th

Cir.1968); *see also* Carter v. Am. Tel. & Tel. Co., 365 F.2d 486 (5th Cir.1966.)

   Plaintiffs submits this FCC Declaratory Ruling and Order on July 10, 2015

exhibit 1 that further clarifies and defines the TCPA's definition of "autodialer",

"predictive dialer" and shows this court Bayview's equipment only need the

**"capacity"** to autodial numbers…. **even if it is not presently used for that**

**purpose.**  The publication can be found at

https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1_Rcd.pdf

and states at #10 on page 11:

>  "We affirm our previous statements that dialing equipment
> generally has the **capacity to store or produce, and dial**
> **random or sequential numbers (and thus meets the**
> **TCPA's definition of "autodialer") even if it is not**
> **presently used for that purpose, including when the**
> **caller is calling a set list of consumers. We also reiterate**
> **that predictive dialers, as previously described by the**
> **Commission, satisfy the TCPA's definition of**
> **"autodialer" for the same reason.  We also find that**
> **callers cannot avoid obtaining consent by dividing**
> **ownership of pieces of dialing equipment that work in**
> **concert among multiple entities."**

And states at #12 on page 11:

> The TCPA defines **"automatic telephone dialing system"**
> **as "equipment which has the capacity**—(A) to store or

produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." In the *2003 TCPA Order*, the Commission found that, in order to be considered an "automatic telephone dialing system," the **"equipment need only have the '*capacity* to store or produce telephone numbers."** The Commission stated that, even when dialing a fixed set of numbers, equipment may nevertheless meet the autodialer definition.

And states at #13 on page 13:

In the *2003 TCPA Order*, the Commission described a predictive dialer as "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, *has the capacity* to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." In the 2008 *ACA Declaratory Ruling*, the Commission **"affirm[ed] that a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers."** The Commission considered ACA's argument that a predictive dialer is an autodialer "only when it randomly or sequentially generates telephone numbers, not when it dials numbers from customer telephone lists," and stated that ACA raised "no new information about predictive dialers that warrant[ed] reconsideration of these findings" regarding the prohibited uses of autodialers—and therefore predictive dialers—under the TCPA.

And shows the intentions of Congress to protect consumers at #14 page 13:

The Commission declined to distinguish between calls to wireless telephone numbers made by dialing equipment "paired with predictive dialing software and a database of numbers" and calls made "when the equipment operates independently of such lists and software packages."

Recognizing the developments in calling technology, the Commission found that "[t]he basic function of such equipment, however, has not changed—the *capacity* to dial numbers without human intervention." The Commission found it troubling that predictive dialers, like dialers that utilize random or sequential numbers instead of a list of numbers, retain the capacity to dial thousands of numbers in a short period of time and that construing the autodialer definition to exclude predictive dialers could harm public safety by allowing such equipment to be used to place potentially large numbers of non-emergency calls to emergency numbers, a result the TCPA was intended to prevent. *The Commission concluded that the TCPA's unqualified use of the term "capacity" was intended to prevent circumvention of the restriction on making autodialed calls to wireless phones and emergency numbers and found that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress."*

The following documents reveal by Bayview's own admission to using autodialing equipment as shown in Plaintiff's prior Judicial Notice dockets 74-5 and 74-6, (shows Bayview's officer's signed and directly reported to the SEC; a government agency, and provide the facts to establish Bayview *"uses"* and *"had the capacity to use"* an *"automatic telephone dialing system"*.

To preserve Plaintiff's claim of rights, and make a record for appeal if necessary, Plaintiff requests this court, if there is any evidentiary controversies regarding this motion for summary judgment, the court request an evidentiary hearing on the record in open court to authenticate any controversies between the parties.

February 26, 2016                    s/Pamela Chyba_____
                                     Pamela Chyba

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT  1**