JEFFREY B. GARDNER, ESQ. (BAR NO. 115648)
jeff.gardner@sbgk.com
CATHY A. KNECHT, ESQ. (BAR NO. 226275)
cathy.knecht@sbgk.com
BARRY, GARDNER & KINCANNON
A PROFESSIONAL CORPORATION
2214 FARADAY AVENUE
CARLSBAD, CA 92008
PHONE: (760) 754-9111 FAX: (760) 754-3935

Attorneys for Defendants
BAYVIEW LOAN SERVICING, LLC,
AKA BAYVIEW AND MARILYN CORO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA CHYBA<br><br>Plaintiff,<br><br>vs.<br><br>BAYVIEW LOAN SERVICING, LLC, AKA BAYVIEW; DAVID ERTEL; AND MARILYN CORO,<br><br>Defendants. | CASE NO.  3:14-cv-01415-BEN-BLM<br><br>MEMORANDUM OF POINTS AND AUTHORITIES  IN SUPPORT OF DEFENDANT BAYVIEW LOAN SERVICING, LLC'S MOTION FOR SANCTIONS PURSUANT TO F.R.C.P 37(d)<br><br>Judge:  Roger T. Benitez<br><br>Date:   July 18, 2016<br>Time:   10:30 a.m.<br>Room:  5A |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant BAYVIEW LOAN SERVICING, LLC aka BAYVIEW ("Bayview"), hereby moves for sanctions against Plaintiff Pamela Chyba ("Plaintiff" and/or "Chyba") pursuant to the Federal Rules of Civil Procedure, Rule 37(d), for failing to appear for her deposition as follows:

## I. PLAINTIFF HAS FAILED AND REFUSED TO APPEAR FOR DEPOSITION

As set forth in the accompanying Declaration of Cathy K. Robinson, Bayview has noticed Plaintiff's deposition on multiple occasions, however, Plaintiff has failed and refused to appear each time. Thus, Bayview has not been able to take the deposition of Plaintiff in this case.

Prior to noticing Plaintiff's deposition, Bayview requested Plaintiff's available dates for deposition – to which Plaintiff ignored. Thus, Bayview initially noticed Plaintiff's deposition for April 22, 2016, but continued to attempt to meet and confer with Plaintiff regarding her deposition, to no avail. In fact, Bayview even offered to take Plaintiff's deposition via video conferencing if that was more accommodating for Plaintiff's work/travel schedule – however – Plaintiff simply ignored any such offer. Plaintiff has refused to provide dates for her deposition to Bayview, and has ignored Bayview's attempts to meet and confer with her in relation thereto. Not only did Plaintiff ignore Bayview's meet and confer attempts, but Plaintiff failed to appear for her deposition on April 22, 2016. (Robinson Decl., para 2-8).

On May 4, 2016, the Court entered its ruling on the Defendants' Motion for Summary Judgment ("MSJ"), wherein the Court granted judgment in favor of Bayview in relation to all but Plaintiff's TCPA claim. The Court provided the parties with additional time for further discovery and briefing in relation to the TCPA claim, and ordered said additional briefing to be filed on or before June 6, 2016. (Doc. 95). Thus, Bayview re-noticed Plaintiff's deposition for May 23, 2016. However, Plaintiff once again refused to appear at her properly noticed deposition. Thus, Bayview has

not been able to depose Plaintiff for use with its MSJ, or in preparation for trial. (Robinson Decl., para 9-12).  Additionally, meet and confer attempts with Plaintiff have been futile.  As noted in the Order granting Bayview's MSJ, Plaintiff was uncooperative in answering questions presented by the Court at the hearing on the MSJ.  (Doc. 95). This same uncooperativeness has thwarted Defendant's discovery efforts in this case.

## II.     PLAINTIFF MUST BE SANCTIONED FOR HER ABUSE OF THE DISCOVERY PROCESS

Federal Rule of Civil Procedure, Rule 37(d)(1)(A) , states that "[t]he Court . . . may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent-or a person designated under Rule 30(b)(6) or 31(a)(4) - fails, after being served with proper notice, to appear for that person's deposition." *Fed. R. Civ. P. 37(d)*. Rule 37(d)(2) further provides that "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, *unless the party failing to act has a pending motion for a protective order under Rule 26(c). Id*.   No such motion for protective order has been filed by Plaintiff in this case.

Moreover, Rule 37(d)(3) and 37(b)(2) provide that the court may impose the following sanctions for a party's failure to permit discovery: (i) the court may order that designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) the court may prohibit the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) the court may strike pleadings in whole or in part; (iv) the court may stay further proceedings until the order is obeyed; (v) the court may dismiss the action or proceeding in whole or in part; and (vi) the court may render a default judgment against the disobedient party. *Id*.

Rule 37(d)(3) further provides that "[i]nstead of or in addition to [the aforementioned] sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees

caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id*.

In the instant case, there is no "substantial justification" for Plaintiff failing to provide *any* valid dates for her deposition, or for failing to appear at her deposition, twice, on the scheduled dates. To date, Plaintiff has not provided any valid basis for her failure to appear at the subject depositions and, more importantly, she has not filed a motion for protective order in this case as required by Rule 37(d). Thus, it is clear that Plaintiff is attempting to deny Defendant the right to conduct crucial discovery in order to escape judgment in favor of Bayview.

Plaintiff's flagrant discovery abuse and the fast approaching trial date, coupled with the fact that the Court granted the parties additional time to conduct discovery (in a short time frame) in relation to the TCPA claim for purposes of the pending MSJ, warrants that the Court impose Rule 37(d) monetary sanctions against Plaintiff, as well as award sanctions dismissing Plaintiff's TCPA claim against Bayview. See *Hashemi v. Campaigner Publ'ns, Inc.*, 737 F.2d 1538 (11th Cir. 1984) (dismissing plaintiff's claims for failure to appear at scheduled depositions); *Bonaventure v. Butler*, 593 F.2d 625 (5th Cir. 1979) (plaintiff's suit dismissed for refusal to appear for scheduled depositions).

Bayview has incurred $1,500.00 in relation to the instant Motion for Sanctions. (Robinson Decl., para 15). Additionally, and consistent with Rule 37(d)(3) and 37(b)(2), the Court may (1) order that designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) the court may prohibit the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; and (iii) the court may strike pleadings in whole or in part. Thus, if the Court is not inclined to dismiss Plaintiff's TCPA claim outright, Defendant requests that the Court enter an order prohibiting Plaintiff from supporting her TCPA claim, or from submitting any further evidence or briefing in relation thereto. Additionally, Defendant requests that the Court order that designated

facts be taken as established for purposes of Plaintiff's TCPA claim, as set forth in Defendant's MSJ pleadings, i.e. that Bayview did not call Plaintiff's cellular telephone via an auto-dialing system, nor did Bayview leave any pre-recorded messages on Plaintiff's cellular telephone.

### III.     CERTIFICATION OF MEET AND CONFER ATTEMPTS

As set forth in the accompanying Declaration of Cathy K. Robinson, defense counsel has attempted to meet and confer with Plaintiff in relation to her deposition, to no avail.  Thus, it is apparent that court intervention is required in relation to Plaintiff's failure to appear at her deposition.

### IV.     CONCLUSION

Based on the foregoing, Bayview respectfully requests that the Court grant its motion for sanctions and award $1,500.00 in monetary sanctions against Plaintiff, dismiss Plaintiff's TCPA claim, and award such further relief as the Court deems just and proper.

                                        BARRY, GARDNER & KINCANNON,
                                      A Professional Corporation

Dated: June 6, 2016          By:     /s/ Jeffrey B. Gardner, Esq.
                                      Jeffrey B. Gardner, Esq.
                                      Cathy Knecht Robinson, Esq.
                                      Attorneys for Defendants
                                      BAYVIEW LOAN SERVICING, LLC
                                      and MARILYN CORO

# PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 2214 Faraday Avenue, Carlsbad, California, 92008.

The foregoing document described as MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS BAYVIEW LOAN SERVICING, LLC AND MARILYN CORO'S MOTION FOR SANCTIONS PURSUANT TO F.R.C.P 37(d) will be served on the interested parties in this action as follows:

I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") – The foregoing document will be served by the court via NEF and hyperlink to the document. As of June 6, 2016, the following are those that are currently on the list to receive e-mail notices for this case:

Pamela Chyba
discoverthefraud@gmail.com

Jeffrey B Gardner
Jeff.Gardner@sbgk.com,mary.do@sbgk.com


[X]  (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 6, 2016, at Carlsbad, California.

_____
Mary Do