Pamela Chyba
7734 Madrilena Way
Carlsbad, California 92009
760-895-2782

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**PAMELA CHYBA**
Plaintiff,


vs.


**BAYVIEW LOAN SERVICING, LLC, AKA BAYVIEW,  MARILYN CORO**
Defendants,

Case No. 14-cv-1415-BEN-BLM

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS UNDER 37(D)**

**NO ORAL ARGUMENTS**

Date:  July 18, 2016
Time: 10:30a.m.
Place: Courtroom 5A
Judge: Roger T. Benitez

**TO THIS HONORABLE COURT AND DEFENDANT'S COUNSEL OF RECORD:**

**DEFENDANT'S CLAIM OF DISCOVERY ABUSE IS RIDICULOUS AS PLAINTIFF SHOWS HOW DEFENDANT'S ARE ACTUALLY IN VIOLATION OF THE COURT ORDER, FEDERAL RULES CIVIL PROCEDURE, LOCAL RULES AND CHAMBER RULES**

Defendant's counsel did not provided proper notice of deposition as required under FRCP 30(b)(1). Plaintiff is not required to be deposed after the cut-off discovery date has ended on April 22, 2016 and is firmly set-out in the scheduling order docket 73.

As the record shows, Cathy Robinson had <u>over 6 month</u> (180 days plus…) for discovery and chose to do nothing until the last days left, then demands plaintiff appear for a deposition just days before the discovery cut-off on April 22, 2016 providing only 6 (six) days official written notice.

It is not reasonable to expect plaintiff rush to accommodate defendant's unreasonable and unacceptable notice of deposition with only 6 days notice from the day plaintiff was officially served the noticed per Fed. R. Civ. P 30. Further, Plaintiff responded shortly thereafter that the date and time is unreasonable and plaintiff cannot make it do to other court date obligations and in preparation for the parties hearing on the April 18th. So then Cathy Robinson demands plaintiff provide additional days after the discovery cut-off is over to accommodate her. Plaintiff does not owe Cathy Robinson any additional time beyond the cut-off of discovery. It is no

fault of anyone other than Cathy Robinson for wasting her time to obtain a deposition.

It appears Bayview's Motion for Sanctions 37(d) was made as an bad faith attempt to gain advantage for her client at her own negligence for waiting over 6 months.   Only 6 days from official written notice and the second attempt providing only 9 days official written notice when defendant's had 6 months (six months - 180 days) prior and Cathy Robinson did not comply with the rules that specifically state to contact plaintiff by <u>telephone</u> and request to meet and confer <u>in person</u>.  Not one time, did Cathy Robinson call plaintiff or request to meet in person.   Nor did Cathy Robinson comply with local rule 26.1 and certify compliance of the local rules either. Therefore, motion for sanctions must be denied.

At no time, did plaintiff refuse a deposition, after receiving unreasonable notice for the second time, plaintiff sent an email to Cathy Robinson offering to stipulate to an extension of time to allow her to depose plaintiff to provide proper notice. Defendant's did not respond to offer, and instead files in bad faith for sanctions. It is Cathy Robinson, who is not in compliance and should be sanctioned for not complying with the court scheduling order, the local rules, FRCP 30, and chamber rules as shown below.

**DEFENDANT'S COUNSEL, CATHY ROBINSON'S FAILURE TO COMPLY WITH LOCAL RULE 26.1 AND DID NOT COMPLY WITH THE CERTIFICATE OF COMPLIANCE REQUIREMENTS**

Pursuant to CivLR 26.1a clearly states: "the court will

entertain <u>no</u> motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless Counsel <u>will have previously met and conferred concerning all disputed issues.</u>  If Counsel for the moving party <u>seeks to arrange such a conference and Counsel for the party against whom the motion is made willfully refuses or fails to meet and confer</u>, the judge (in absence of a prior order dispensing good cause with such a meeting) may order a payment of reasonable expenses, including attorney's fees, pursuant to Rule 37, Fed. R. Civ. P. and Civil Local Rule 83.1. If <u>Counsel has offices in the same county, they are to meet in person</u>. "<u>Under no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence.</u>""

At no time, did Cathy Robinson contact Plaintiff via <u>telephone</u> or ask to meet and confer <u>in person</u> as the rules require to discuss any and all disputed issues first, <u>*before*</u> filing motions to compel or sanctions.

At no time, did plaintiff refuse to meet and confer, plaintiff was not asked by Cathy Robinson to meet and confer in person or a time that it would be good for both parties to speak. Cathy Robinson merely expected plaintiff to drop everything and comply with her demands. That is an unreasonable.  At no time did Cathy Robinson call or leave a voice mail for plaintiff.

## DEFENDANT'S COUNSEL, CATHY ROBINSON'S FAILURE TO COMPLY WITH LOCAL RULES AND THE REQUIRED CERTIFICATE OF COMPLIANCE

Pursuant to LR_26.1b; at the time of filing <u>any motion with respect to Rules 26 through 37</u>, Fed. R. Civ. P., counsel for the moving party <u>must serve and file a certificate of compliance with this rule</u>.  As shown by the record, at no time did Cathy Robinson comply or file a certificate of compliance with LR 26.1 et seq..

## DEFENDANT'S COUNSEL, CATHY ROBINSON'S FAILURE TO COMPLY WITH JUDGES ORDER DOCKET 73

Per the scheduling order that specifically addresses Magistrate Major's civil discovery rules whereas:

Prior to bringing any discovery dispute to the Court, Counsel must meet and confer pursuant to Civil Local Rule 26.1. If Counsel are in the same county, they are to meet in person;…….. Under no circumstances may Counsel satisfy the "meet and confer" obligation by written correspondence. The Court expects strict compliance with the meet and confer requirement, as it is the experience of the Court that the vast majority of disputes can be resolved by means of that process. Counsel must **thoroughly** meet and confer and shall make every effort to resolve all disputes without the necessity of court intervention. If a party is unresponsive to a request to meet and confer, after 72 hours Counsel shall contact chambers and the Court will issue an order setting a telephonic conference with the clerk assigned to the case. If the parties meet and confer but fail to resolve their dispute through the meet and confer process, then Counsel for all parties are required to determine a mutually agreeable time to conduct a conference call with Chambers…..

And further states in the order docket 73… "All fact discovery shall be completed by all parties on or before **April 22, 2016**."Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure,…. must be **initiated a sufficient period of time in advance of the cut-off date, so** that it may be completed by the cut-off **date,** taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 26.1(a). All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery

due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Barbara L. Major's Civil Chambers Rules….. **"A failure to comply in this regard will result in a waiver of a party's discovery issue."**

The record shows rather significantly that Cathy Robinson chose to ignore the prior 6 months (180 days plus) to provide reasonable notice to obtain a deposition from plaintiff, ignored the court order docket 73 that specifically states the discovery cut-off ends on April 22, 2016, and that all discovery should be <u>completed</u> by that time.  At no time, did Cathy Robinson <u>call</u> plaintiff to request to <u>meet and confer</u> <u>in person</u> or contact plaintiff by telephone other than by <u>written correspondence which is specifically prohibited</u> per the local rules and court scheduling order.

## DEFENDANT'S COUNSEL, CATHY ROBINSON'S INTENTIONALLY CHOSE TO NOT PROPERLY NOTICING PLAINTIFF OF DEPOSITION WITH REASONABLE TIME PRIOR TO DEPOSITION AS REQUIRED UNDER FRCP 30

Plaintiff was not provided proper notice of deposition as under FRCP 30(b)(1) as Cathy Robinson <u>intentionally delayed</u> request for deposition after having 6 month prior to depose plaintiff.  The additional time allowed by the order docket 95 would have still allowed an additional two weeks' notice if Cathy Robinson hadn't waited and waited until the last days then noticed plaintiff again only providing 9 days written notice for deposition.  At no time, did Plaintiff ignore or fail to show up for said depositions.  Plaintiff notified Cathy Robinson timely within a few days of notice of

deposition letting counsel know the date is not reasonable or sufficient time for plaintiff to attend. (see declaration). Plaintiff, prose who does not practice law in her daily course of business cannot drop prior work commitments, prepare for and take off a full day to accommodate counsel with only a few days notice, plaintiff additionally had other court deadlines on that day, in addition to preparing for the parties scheduled hearing on April 18th. See decl.

Any fact finder can see how 6 days and 9 days official written notice is not proper or reasonable notice (plaintiff did not waived service) and intentionally done when Cathy Robinson had over 180 days prior to obtain a deposition from plaintiff.

Further, the deposing party must give "reasonable written notice" to every other party. (Fed. R. Civ. P. 30(b)(1)). While the rule doesn't specify a notice period, note that Fed. R. Civ. P. 32(a)(5) prohibits the use of a deposition against a party at trial when less than **14 days' notice is given,** and the deposition occurs before the time a promptly filed motion for protective order can be heard.

Even though plaintiff was unable to attend or had additional time to file protective order the rules states 14 days notice is given in addition to the standard and common practice of 30 day notice provided by law firm who intend to deposition.

Defendants have incurred no costs or expense caused by plaintiff. Any costs associated should be at the expense of Cathy Robinson.  In turn Defendant's should be sanctioned to pay plaintiff $1,500 for expense to prepare and file this response.

## **CONCLUSION**

Due to the foregoing and the fact Cathy Robinson did not attempt to contact plaintiff via phone and did not contact chambers within 72 hours if a party is unresponsive or make every effort to resolve all disputes without the necessity of court intervention.

Because Cathy Robinson did not attempt to call plaintiff, Cathy Robinson did not exhaust or attempt to properly meet and confer with plaintiff in person. Plaintiff moves the court for an order denying defendant's motion.

It is Cathy Robinson that has not complied with the court order docket 73, the federal rules, the local rules, or the Magistrates civil discovery rules as required. Defendant frivolous motion must be denied. Cathy Robinson has wasted the court and plaintiff's time and money to respond to this frivolous motion when Cathy Robinson not complied with the rules or orders herself.

Due to the foregoing, any dismissal of plaintiff's case is unwarranted.

Plaintiff declaration filed herewith in support. Plaintiff's right and claims filed with plaintiff's TAC incorporated herein.

Date: June 22, 2016                                             Respectfully Submitted,

                                                                              s/Pamela Chyba
                                                                              Pamela Chyba

1
2
3
4

## **CERTIFICATE OF SERVICE**

5  The undersigned hereby certify that a true and correct copy of foregoing has been

6
7  served on June 22, 2016 to Defendant's Counsel of record who consented to and is a

8  CM/ECF registered user and is deemed served under court's CM/ECF system per

9  local rule 5.4. Defendants acting in bad faith by trying to obtain more time after

10
11  discovery is over when defendant had over 6 months prior to obtain a deposition

12  form plaintiff.

13
14
15  Dated:  June 22, 2016                                    s/Pamela Chyba
                                                                          Pamela Chyba

16
17
18
19
20
21
22
23
24
25
26
27
28