JEFFREY B. GARDNER, ESQ. (BAR NO. 115648)
jeff.gardner@sbgk.com
CATHY K. ROBINSON, ESQ. (BAR NO. 226275)
cathy.knecht@sbgk.com
BARRY, GARDNER & KINCANNON
A PROFESSIONAL CORPORATION
2214 FARADAY AVENUE
CARLSBAD, CA 92008
PHONE: (760) 754-9111 FAX: (760) 754-3935

Attorneys for Defendants
BAYVIEW LOAN SERVICING, LLC,
AKA BAYVIEW AND MARILYN CORO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA CHYBA<br><br>Plaintiff,<br><br>vs.<br><br>BAYVIEW LOAN SERVICING, LLC, AKA BAYVIEW; DAVID ERTEL; AND MARILYN CORO,<br><br>Defendants. | CASE NO.  3:14-cv-01415-BEN-BLM<br><br>REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT BAYVIEW LOAN SERVICING, LLC'S MOTION FOR SANCTIONS PURSUANT TO F.R.C.P 37(d)<br><br>Judge:   Roger T. Benitez<br><br>Date:<br>Time:    10:30 a.m.<br>Room:   5A |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant BAYVIEW LOAN SERVICING, LLC aka BAYVIEW ("Bayview"), hereby replies to Plaintiff's Opposition to Motion for Sanctions as follows:

## I. THIS COURT SHOULD AWARD SANCTIONS AGAINST PLAINTIFF FOR HER ABUSE OF THE DISCOVERY PROCESS

As set forth in the exhibits filed with the Motion for Sanctions and the Declaration of Cathy K. Robinson, Bayview requested that Plaintiff provide it with her dates of availability for deposition on multiple occasions – to which Plaintiff ignored. Thus, Bayview noticed Plaintiff's deposition on more than one occasion. However, Plaintiff failed and refused to appear, and further failed and refused to respond to Bayview's attempts to meet and confer regarding an alternate date for her deposition. Thus, Plaintiff's deposition was not conducted prior to the original discovery deadline.

On May 4, 2016, the Court entered its ruling on the Defendants' Motion for Summary Judgment ("MSJ"), wherein the Court provided the parties with additional time for further discovery and briefing in relation to the TCPA claim. (Doc. 95). Bayview's renewed MSJ was due on or before June 6, 2016, thus Bayview had a short time-frame to obtain discovery and prepare the renewed MSJ. (Id).

On May 10, 2016, Bayview re-noticed Plaintiff's deposition for May 23, 2016. Despite Plaintiff's failure to appear at her prior deposition, Plaintiff once again refused to be deposed – and waited until shortly before the deposition was scheduled to advise Bayview that she would not be appearing. Clearly Plaintiff engaged in such conduct to thwart Bayview's attempt to obtain further information to assist it with its renewed MSJ and/or trial.

Plaintiff argues that her deposition was not timely served. However, Plaintiff was given thirteen (13) days' notice of her deposition, as she was served on May 10, 2016 and the deposition was scheduled for May 23, 2016. Due to the short time

1 frame set forth in the Order granting the MSJ for discovery and filing renewed
2 motions for summary judgment, this was more than reasonable notice.  F.R.C.P., Rule
3 30(b); *Hart v. United States*, (6th Cir. 1989) 772 F.2d 285 (what constitutes reasonable
4 notice depends on the circumstances of each case).  Commonly, courts find that notice
5 of at least five business days' is required to constitute reasonable notice.  *Paige v.*
6 *Commissioner*, (C.D.Cal. 2008) 248 F.R.D. 272, 275; *Jones v. United States*,
7 (S.D.N.Y. 1989) 720 .Supp.355, 366 (holding that eight days' notice was reasonable).
8 *United States v. Philip Morris Inc.*, (D.D.C. 2004) 312 F.Supp.2d 27 (notice of three
9 business days was reasonable); *Vardon Gold Co., Inc. v. Supreme Gold Sales, Inc.,*
10 (N.D.Ill 1989) 1989 WL 153335 (four days' notice was reasonable).  Plaintiff was
11 provided with thirteen days' notice, which was more than reasonable under the
12 circumstances and the deadline for supplemental summary judgment motions.  Thus,
13 Plaintiff's refusal to appear because of "insufficient notice" is without merit.  *Natural*
14 *Organics v. Protein Plus, Inc.*, (E.D.N.Y. 1989) 724 F.Supp.40, 52 (one day's notice
15 was reasonable because the parties were on an expedited discovery schedule, the need
16 for a deposition arose suddenly, and the deposition was conducted over the phone).
17 Moreover, this was not the first instance that Plaintiff failed to appear for her
18 deposition, as she did the same thing prior to the discovery deadline.  Further, Plaintiff
19 never filed a motion for protective order, and cannot simply refuse to appear.  Such
20 conduct should not be rewarded or tolerated.
21 　　　Plaintiff also argues that Bayview did not meet and confer prior to filing the
22 Motion for Sanctions.  Despite Plaintiff's contentions, Bayview attempted to meet and
23 confer to resolve the issues in relation to Plaintiff's deposition on multiple occasions, as
24 well as tried to obtain Plaintiff's deposition on multiple occasions, prior to filing the
25 Motion for Sanctions.  The correspondence between the parties establishes Bayview's
26 inability to effectively meet and confer with Plaintiff.  In fact, Bayview's counsel made
27 numerous requests for Plaintiff's availability for deposition (all of which were ignored),
28 made multiple requests to meet and confer via telephone, as well as attempted to meet

and confer via written correspondence. Plaintiff would simply ignore the attempts, or state that she was not available at the time for any such conference that was proposed by counsel. When a telephone conference was not possible, Bayview would attempt to confer with Plaintiff via email, followed by a request that the parties confer further via phone – to no avail. (See Robinson Decl., Exhibits "A-B"). Bayview even offered to take Plaintiff's deposition via videoconferencing, or on various dates, if that would be easier for her – to which Plaintiff failed to reply. In fact, Plaintiff routinely ignored Bayview's meet and confer attempts. Thus, meet and confer with Plaintiff was futile, at best, and Plaintiff failed and refused to appear for deposition.

As set forth in the Motion for Sanctions, Plaintiff's flagrant discovery abuse is grounds for the Court to impose Rule 37(d) monetary sanctions against Plaintiff, as well as award sanctions dismissing Plaintiff's TCPA claim against Bayview. See *Hashemi v. Campaigner Publ'ns, Inc.*, 737 F.2d 1538 (11th Cir. 1984) (dismissing plaintiff's claims for failure to appear at scheduled depositions); *Bonaventure v. Butler*, 593 F.2d 625 (5th Cir. 1979) (plaintiff's suit dismissed for refusal to appear for scheduled depositions). Plaintiff has failed to appear at her deposition on more than one occasion, and meet and confer attempts with Plaintiff were futile. Thus, Bayview respectfully requests that its Motion be granted as Plaintiff's conduct warrants sanctions pursuant to Rule 37.

## II.   CONCLUSION

Based on the foregoing, Bayview respectfully requests that the Court grant its motion for sanctions and award $1,500.00 in monetary sanctions against Plaintiff, dismiss Plaintiff's TCPA claim, and award such further relief as the Court deems just and proper.

///
///
///
///

3

|  |  |
|---|---|
|  | BARRY, GARDNER & KINCANNON, A Professional Corporation |
| Dated: July 1, 2016 | By:  /s/ Jeffrey B. Gardner, Esq.  <br>Jeffrey B. Gardner, Esq. <br>Cathy Knecht Robinson, Esq. <br>Attorneys for Defendants <br>BAYVIEW LOAN SERVICING, LLC and MARILYN CORO |

# PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 2214 Faraday Avenue, Carlsbad, California, 92008.

The foregoing document described as REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS BAYVIEW LOAN SERVICING, LLC AND MARILYN CORO'S MOTION FOR SANCTIONS PURSUANT TO F.R.C.P 37(d) will be served on the interested parties in this action as follows:

I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") – The foregoing document will be served by the court via NEF and hyperlink to the document. As of July 1, 2016, the following are those that are currently on the list to receive e-mail notices for this case:

Pamela Chyba
discoverthefraud@gmail.com

Jeffrey B Gardner
Jeff.Gardner@sbgk.com,mary.do@sbgk.com

[X]  (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 1, 2016, at Carlsbad, California.

_____
Mary Do