UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA CHYBA,<br><br>                            Plaintiff,<br><br>v.<br><br>BAYVIEW LOAN SERVICING, LLC, AKA BAYVIEW; DAVID ERTEL; MARILYN CORO,<br><br>                            Defendants. | Case No.: 3:14-cv-01415-BEN-BLM<br><br>**ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECF No. 98]** |

Before this Court is Defendant Bayview Loan Servicing, LLC's ("Bayview") Renewed Motion for Summary Judgment. (Mot., ECF No. 98.) Plaintiff opposed the Motion. (Opp'n, ECF No. 99.) For the reasons stated below, the Motion is **GRANTED.**

## BACKGROUND

Plaintiff claims that Bayview illegally tried to collect a debt from her. After this Court's May 3, 2016 summary judgment order, the only remaining cause of action is Plaintiff's claim against Bayview for violation of the Telephone Consumer Protection Act ("TCPA"). The TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. §

1

227(b)(1)(A)(iii). Plaintiff argues that Bayview placed at least eleven automated phone calls from the number 215-664-1300 to her cell phone number ending in "2400" without her consent. In the Court's May 3, 2016 order, it held that the only remaining dispute is whether Bayview called Plaintiff's cell phone using an automatic telephone dialing system or an artificial or prerecorded voice. (Summ. J. Order at 10, ECF No. 95.) The Court ordered the parties to conduct additional discovery related to the TCPA claim and file renewed motions for summary judgment by June 6, 2016. (*Id.* at 11.) In particular, the Court stated that discovery "should concern whether the 1300 phone line is able to and did use an automated system to call Plaintiff's cell phone on the dates Plaintiff claims and whether or not Plaintiff provided Bayview prior express consent." (*Id.*)

Bayview filed a renewed motion for summary judgment by the deadline, which is now before this Court. It also filed a motion for sanctions for Plaintiff's failure to appear at two noticed depositions.[1] (ECF No. 97.) Bayview's renewed motion notes that it has not received any discovery requests from Plaintiff since entry of the Court's initial summary judgment order. (Mot. at 1.) Plaintiff does not dispute that she has not conducted any new discovery. (Opp'n at 2.)

## STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In considering a summary judgment motion, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor. *Anderson*, 477 U.S. at 255.

---

[1] The motion for sanctions has been referred to Magistrate Judge Major. In addition to monetary sanctions, Bayview's motion for sanctions requests case-dispositive evidentiary sanctions. Because this Court can decide the motion for summary judgment on the merits, it need not impose evidentiary sanctions. The Court expresses no opinion on whether sanctions are warranted.

A moving party bears the initial burden of showing there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). It can do so by negating an essential element of the non-moving party's case, or by showing that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case, and on which the party will bear the burden of proof at trial. *Id.* The burden then shifts to the non-moving party to show that there is a genuine issue for trial. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. As a general rule, the "mere existence of a scintilla of evidence" will be insufficient to raise a genuine issue of material fact; there must be evidence on which the jury could reasonably find for the non-moving party. *Id.* at 252.

## DISCUSSION

As explained below, the Court holds that Bayview is entitled to summary judgment because Plaintiff has failed to make a sufficient showing to establish an essential element of her case—whether she was contacted using an automatic telephone dialing system or an artificial or prerecorded voice.

**A. Telephone Consumer Protection Act**

The TCPA prohibits anyone from using an "automatic telephone dialing system or an artificial or prerecorded voice" to call a cell phone number without the called party's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii). An essential element of a TCPA claim is whether the caller used an "automatic telephone dialing system or an artificial or prerecorded voice."

The term "automatic telephone dialing system" is defined in the statute as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). An "automatic telephone dialing system" includes predictive dialers, which are "equipment that dials numbers and, when certain computer software is

attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In re Rules and Regulations Implementing the Tel. Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, 14091 (July 3, 2003). Nevertheless, no matter the name given to the equipment, the "basic function" of an autodialer is "the capacity to dial numbers without human intervention." *Id.* at 14092.

While there is no statutory definition of "an artificial or prerecorded voice," case law differentiates a call using "an artificial or prerecorded voice" from a call with a live person. *See, e.g.*, *Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-cv-0964-GPC-DHB, 2013 WL 4774763, at *2, *5 (S.D. Cal. Sept. 5, 2013); *see also* S. Rep. No. 102-178, at 4-5 (1991), *reprinted in* 1991 U.S.C.C.A.N. 1968, 1972 ("[I]t is clear that automated telephone calls that deliver an artificial or prerecorded voice message are more of a nuisance and a greater invasion of privacy than calls placed by 'live' persons. . . . [I]t is legitimate and consistent with the constitution to impose greater restrictions on automated calls than on calls placed by 'live' persons.").

### B. Bayview's Renewed Motion for Summary Judgment

Bayview contends that Plaintiff has failed to present any factual dispute with respect to her TCPA claim. It argues that she offers no evidence that Bayview used an autodialer to contact her, that the 215-664-1300 number is used for autodialed calls, or that she received a call using an artificial or prerecorded voice. (Mot. at 2.) In fact, Plaintiff failed to conduct discovery on these issues, despite the Court re-opening discovery for the express purpose of allowing the parties to discover evidence to properly support their contentions. She also refused to appear at two noticed depositions. According to Bayview, Plaintiff simply contends that she received calls that had an "artificial time delay" before she, admittedly, spoke to a live person on the phone. Bayview also presents evidence—a declaration and notes in Plaintiff's loan history

///

regarding attempts to contact her—that calls from 215-664-1300 are generated by a live person and do not use prerecorded messages.  (Mot., Molina Decl. ¶¶ 4-5, 7-10 & Ex. A.)

In rebuttal, Plaintiff submits an affidavit, a handwritten call log,[2] and photographs of a cell phone showing Bayview's number on the screen.  In her affidavit, Plaintiff declares that she heard "silence and an 'artificial time delay' on the onset of each call before Darrin Wilson started to speak."  (Opp'n, Chyba Decl. ¶ 4, 12.)  She also requests that the Court take judicial notice of certain public records that she argues establishes that Bayview uses autodialers.  (Opp'n at 6-9; Request for Judicial Notice, ECF Nos. 101, 102.)

**C. Analysis**

The Court agrees with Bayview that there is no genuine dispute as to any material fact.  Plaintiff does not offer "any significant probative evidence tending" to show that Bayview used an automatic telephone dialing system or an artificial or prerecorded voice to contact her.  *Anderson*, 477 U.S. at 249 (internal citation omitted).  As an initial matter, she admits that she spoke to a live person.  (Chyba Decl. ¶¶ 4-5.)  Bayview also submits evidence that its callers were live persons who left personal messages for Plaintiff when

/ / /

---

[2] The Court notes that Plaintiff's call log (ECF No. 83-1 at 14-15) states that she was called on October 3, 2012, but Bayview submits notes from two calls on October 31, 2012 (Mot., Ex. A.).  Plaintiff also contends that she was called on May 18, 2013, but Bayview does not provide any call notes from that date.  These discrepancies do not change the Court's view that there are no genuine issues of material fact given that Plaintiff has failed to make a sufficient showing of an essential element of her claim.

Bayview's call notes also indicate that Bayview attempted to contact Plaintiff's home phone.  The TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party."  47 U.S.C. § 227(b)(1)(B).  However, Plaintiff's operative complaint does not plead a violation of this section (3d Am. Compl., ECF No. 48) and, as discussed below, there is no evidence that Bayview used an artificial or prerecorded voice to contact Plaintiff.

5

3:14-cv-01415-BEN-BLM

their calls were unsuccessful.  (Molina Decl. ¶¶ 4-5 & Ex. A.)  Therefore, Plaintiff has not established that Bayview used an "artificial or prerecorded voice" in its calls to her.

Plaintiff also has not offered sufficient evidence to demonstrate that Bayview used an "automatic telephone dialing system" when it called her cellphone.  Her contention that there was an "artificial time delay" at the beginning of each call does not raise a dispute regarding whether Bayview used equipment having the capacity to store, produce, and autodial numbers.  Her handwritten call log and photographs also do not raise a genuine dispute because, at most, they show that Bayview contacted her, something that does not violate the statute without more and something that Bayview does not contest.

Plaintiff relies on public records in which Bayview corporate officers allegedly attest to the use of autodialers.  However, even if this Court took judicial notice of these records, which it does not,[3] these documents do not show that Bayview used an autodialer when it contacted her from the 1300 number.  Although this Court declines to take judicial notice of these documents, it will be discuss them for the purpose of demonstrating that Plaintiff's proffered evidence is insufficient for this claim to proceed to a jury.  She first submits a Bayview job posting for a customer relations business analyst.  (Opp'n, Ex. 1.)  The analyst must have "[w]orking knowledge of Avaya Call Management System, Witness Call Center Recording System, [and] Presence Contact

---

[3] This Court declined to take judicial notice of the same documents in its prior summary judgment order, finding the requests to be untimely, irrelevant, and/or subject to dispute. (Summ. J. Order at 5 n.3.)  The Court again declines to take judicial notice (ECF Nos. 101, 102) because the contents of the documents are irrelevant or subject to dispute.  *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute."); Fed. R. Evid. 201 cmt. a, b ("A high degree of indisputability is the essential prerequisite" to taking judicial notice of adjudicative facts and "the tradition has been one of caution in requiring that the matter be beyond reasonable controversy."); *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 991 n.8 (9th Cir. 2012) (declining to take judicial notice of facts not relevant).

Solution Technology." (*Id.*)  This document does not demonstrate that the named telephone equipment is an automatic telephone dialing system, and it is not evidence that the people who called Plaintiff used an autodialer.

Similarly, she offers a 2009 Form S-11 for registration of securities that she found on the U.S. Securities and Exchange Commission's website.  The document states that Bayview's "Customer Service call center operates on an advanced Avaya phone system, call center and auto-dialer."  (Opp'n, Ex. 6, ECF No. 101 at 19.)  However, this statement refers to the *incoming calls* that Bayview receives from customers, not outgoing calls to delinquent borrowers.

She also submits two Standard and Poor's ("S&P") "servicer evaluation[s]" of Bayview.  (Opp'n, Exs. 2-3.)  In relevant part, the evaluations state that Bayview "operates in a well-automated environment" and uses "automated call distribution (ACD), and interactive voice response (IVR) systems."  (Opp'n, Ex. 2, ECF No. 101 at 7; Ex. 3, ECF No. 101 at 17.)  But the IVR system merely "enables callers to route their call to a particular department," and the ACD system "distributes *incoming calls* to customer relations agents."  (Opp'n, Ex. 2, ECF No. 101 at 8 (emphasis added).)

The strongest evidence that Bayview uses autodialers comes from two statements in the S&P evaluations, which note that loan counselors "*may* begin early intervention calling campaigns through an auto-dialer" and that a "predictive dialer allows customized calling campaigns."  (Opp'n, Ex. 2, ECF No. 101 at 9 (emphasis added); Ex. 3, ECF No. 101 at 19.)  Again, these statements fail to raise a genuine dispute about whether Bayview called her using equipment with the capacity to autodial.  At most, they demonstrate that Bayview *may* use autodialers *sometimes*, but that autodialers are not used every time a loan counselor contacts a delinquent borrower.  There is no indication when predictive dialers are used and whether the equipment is "paired with" the required software that allows it to autodial.  18 FCC Rcd. at 14091; *see also In re Rules and Regulations Implementing Tel. Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7972 n.39 (July 1, 2015) ("The Commission's finding that predictive dialers fall within

7

the statutory autodialer definition thus focuses on whether equipment has the requisite 'capacity,' and therefore is not limited to any specific piece of equipment and is without regard to the name given the equipment for marketing purposes."). There is certainly no evidence that Bayview called Plaintiff with an autodialing predictive dialer or other automatic telephone dialing system.

Bayview has met its burden of showing that Plaintiff has failed to make a showing sufficient to establish an essential element to her last remaining claim. *Celotex Corp.*, 477 U.S. at 323. Viewing the facts in the light most favorable to Plaintiff, she has not carried her burden to demonstrate that there is a genuine issue for trial. Her proffered evidence does not tend to show that Bayview contacted her cellular telephone using an "automatic telephone dialing system or an artificial or prerecorded voice." Therefore, the Court grants summary judgment to Bayview on Plaintiff's TCPA claim. *See Anderson v. Security Fin. of Idaho, LLC*, No. 4:12-cv-00487-BLW, 2015 WL 1478440, at *3 (D. Idaho Mar. 31, 2015) (granting defendant's motion for summary judgment because plaintiff could not establish that defendant used an automatic telephone dialing system to contact him on his cell phone).

## CONCLUSION[4]

Bayview's Renewed Motion for Summary Judgment is **GRANTED.**

There are no remaining claims in this case as the Court's prior order granted summary judgment to Bayview on all other claims asserted against it and to Defendant Marilyn Coro on all claims asserted against her. (Summ. J. Order, ECF. No 95.)

///
///
///
///

---

[4] The parties' objections to the evidence are overruled to the extent they are inconsistent with this Order.

The Clerk shall enter judgment in favor of Defendants and against Plaintiff on all claims and close the case.[5]

**IT IS SO ORDERED.**

Dated:  September 27, 2016

Hon. Roger T. Benitez
United States District Judge

---

[5] Pursuant to Federal Rule of Civil Procedure 54, the Court finds there is no just reason to delay the entry of judgment.